IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:07cr42.47 |
| | § | |
| ELVA MILAN | § | |

### REPORT AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

This matter having been referred by the Honorable Richard A. Schell, on June 16, 2008, the Court held a hearing on the Defendant's Motion to Withdraw Plea of Guilty and For Appointment of New Counsel (Dkts. 1499 and 1500). Tracey Batson appeared on behalf of the Government. John Nation appeared on behalf of Defendant. Having reviewed the record before it and hearing the arguments of counsel at the hearing, the Court finds that withdrawal is warranted in this case.

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

In her letter motion to the Court, Defendant's primary complaint is that she did not fully understand the terms of her plea agreement because her native tongue is Spanish. The Court does not find this reason to be compelling. The record indicates that an interpreter was present during the

1

plea colloquy, and Defendant was advised of the terms of her agreement in both English and Spanish.

However, Defendant also raises another concern in her motion which was not addressed independently by counsel for either side and which the Court finds to be of great significance. The plea paperwork submitted jointly by counsel for both sides states that Defendant is pleading guilty to Count 1 of the Fourth Superceding Indictment. This count formed the basis of the plea taken by this Court. A review of the indictment, however, indicates that Defendant was not named in Count 1, but rather named in Count III, which involves a totally different type of narcotic and potentially different penalty ranges. Notably, even after Defendant filed her motion (submitted by Defendant herself rather than her attorney), neither counsel for the Government nor Defendant's counsel submitted anything to the Court to explain this error or seek relief from the Court, leaving the issue to be raised by the Court at the hearing on the motion.

At the hearing, after recessing and conferring with opposing counsel, counsel for the Government indicated that she joined in the motion to withdraw the guilty plea. Based on the joint request to withdraw and the clear error in the plea agreement, the Court finds that withdrawal is warranted under *Carr* and its progeny. Therefore, the Court withdraws its Findings of Fact and Recommendation on Guilty Plea (Dkt. 1328) and recommends that the Order Adopting Magistrate Judge's Report and Finding Defendant Guilty on Count One of the Fourth Superseding Indictment (Dkt.1342) be VACATED and that the Plea Agreement, filed on February 5, 2008 (Dkt. 1295) be STRICKEN from the record.

Defendant's letter motion also seeks withdrawal of her counsel because she states that her counsel has not kept her apprised of developments in her case. A subsequent letter to the Court, however, indicates Defendant is now satisfied by her attorney's performance. At the hearing, the Court questioned Defendant regarding her attorney's representation and advised her of her right to effective counsel. Defendant stated that she wished to keep Mr. Nation as her attorney. In light of her statements before this Court that she believes her counsel can continue representing her, Defendant's motion to withdrawal counsel is DENIED as MOOT.

## RECOMMENDATION

The Court recommends that the District Court **GRANT** Defendant's Motion to Withdraw Plea of Guilty (Dkt. 1499). The Court **WITHDRAWS** its Findings of Fact and Recommendation on Guilty Plea (Dkt. 1328) and recommends that Order Adopting Magistrate Judge's Report and Finding Defendant Guilty on Count One of the Fourth Superseding Indictment (Dkt.1342) be VACATED and that the Plea Agreement, filed on February 5, 2008 (Dkt. 1295) be STRICKEN from the record.

Defendant's Motion to Withdraw Counsel is **DENIED** as **MOOT.**

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 19th day of June, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE